## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DIANE ARELLANO,

               Petitioner,

      v.

SHAWN BREWER,

               Respondent.

Case No. 17-12242
Hon. Terrence G. Berg

## OPINION AND ORDER DISMISSING THE HABEAS CASE AS DUPLICATIVE, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Diane Arellano ("Petitioner") has filed a pleading concerning her state criminal convictions. In 2014, Petitioner was convicted of first-degree murder and possession of a firearm during the commission of a felony following a jury trial in Genesee County Circuit Court. She was sentenced to consecutive terms of life imprisonment without the possibility of parole plus two years imprisonment. *See* Offender Profile, Michigan Department of Corrections Offender Tracking Information System ("OTIS"), http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdoc-Number=936484.

Petitioner has already filed two federal habeas actions in this district challenging the same state convictions, which are currently pending before other judges. *See* Case Nos. 2:17-CV-12133, 2:17-CV-12206 (E.D. Mich.). A suit is duplicative, and subject to dismissal, if the claims, parties, and available relief do not significantly differ between the two actions. *See Harrington v. Stegall,* 2002 WL 373113, *2 (E.D. Mich. Feb. 28, 2002)(internal citations omitted).

Because Petitioner challenges the same convictions—her only state criminal convictions—in these previously-filed cases, the Court will dismiss this habeas petition as duplicative. *See Davis v. United States Parole Comm'n*, 870 F.2d 657, 1989 WL 25837, *1 (6th Cir. March 7, 1989)(affirming district court dismissal of a second habeas petition as duplicative where it was "essentially the same" as the first petition).

Accordingly, the Court **DISMISSES** this habeas case as duplicative. This dismissal is without prejudice to Petitioner's previously filed habeas actions.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a consti-

tutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim solely on procedural grounds a certificate of appealability should issue if it is shown that reasonable jurists could disagree about 1) whether the petitioner stated a valid constitutional claim, and 2) whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Whether Petitioner has stated a valid constitutional claim in this petition is immaterial because any claim she has stated here is already being adjudicated through her nearly identical habeas petitions referenced above.

Accordingly, the Court **DENIES** a certificate of appealability. The Court also **DENIES** leave to proceed in forma pauperis on appeal as an appeal cannot be take in good faith. *See* Fed. R. App. P. 24(a).


**SO ORDERED.**


Dated:  December 21, 2017     s/Terrence G. Berg
                              TERRENCE G. BERG
                              UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on December 21, 2017.

s/H. Monda
Case Manager
in the absence of A. Chubb